Cory R. Narog
217 W. Linda Mesa Ave.
Danville, CA 94526
(925) 230-2345

CORY R. NAROG, In Pro Per



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAROG, CORY R.,           )   Case No. C13-3452
                          )
        Plaintiff,        )   COMPLAINT
                          )
    vs.                   )
                          )
EQUIFAX, INC.,            )
                          )
        Defendant         )

1. **Jurisdiction.** This court holds jurisdiction pursuant 28 U.S.C. § 1331; Federal subject-matter question arising on the face of the complaint.

2. **Venue.** This venue is correct because Plaintiff resides in Contra Costa County, CA and Defendant is a corporation conducting significant business in California and provides an agent for service in Sacramento, CA.

3.  **Intradistrict assignment.** Oakland/San Francisco is the correct district location because Plaintiff resides in Contra Costa County.

4.  **Parties in this complaint.**

a.  **Plaintiff.** Cory R. Narog, 217 W. Linda Mesa Ave. Danville, CA 94526, (925) 230-2345.

b.  **Defendant.** Equifax, Inc., 1550 Peachtree St. NW H46, Atlanta, GA 60309, (404) 885-8000.

5.  **Statements of facts and claims.**

5a. After Plaintiff discovered inaccurate information reported by Defendant in regards to a Verizon Wireless account, and a subsequent credit report defaming his character, Plaintiff disputed the information online and by phone. Credit reports and dispute results are attached within **"Exhibit A"**.

5b. However, the inaccurate information was never properly corrected, only changed to different information. Thus, Plaintiff began the process over again in order to clear his name. Unfortunately, Plaintiff began a cycle of disputes with Defendant, each time finding that different, incorrect information was being reported. **"Exhibit A"** contains 11 different credit reports and 4 dispute results from Equifax referencing the Verizon Wireless account. Three different results are seen for "date of first delinquency": 2/12, 3/12,

and N/A. Three different results are seen for "date major delinquency first reported". As the recipient of furnisher's report, Defendant should have this information on file.

5c.   It becomes especially evident that Defendant has not properly reinvestigated the dispute, as required by Federal Rules of Civil Procedures 15 U.S.C. § 1681e)(b), when noticing both a "date of first delinquency" of 2/12 and a perfect 81-month payment history; not only does the negative account information contradict statements from report to report, but also within individual reports. Attached as **"Exhibit B"**, are documents Plaintiff provided to Equifax that supports Plaintiff's dispute of error, such as incorrect opening date, delinquency date, reporting date, high credit, balance, payment history, status, account type, amount past due, and a double charge of activation fees.

5d.   Defendant repeatedly violated Federal Rules of Civil Procedures 15 U.S.C. § 1681c(a)(6), which states "…no consumer reporting agency may make any consumer report containing…the name, address, and telephone number of any medical information furnisher that has notified the agency of its status…" by reporting information on medical furnishers Neuroscan and John Muir Magnetic Imaging while also stating the account types as "Medical/Health Care".

5e.  **Exhibit A** reports show 8 inquires have been made where Plaintiff's character have been defamed with inaccurate information.

5f.  Defendant refused to provide Plaintiff with "all" account information on file, including source information, and information on people who procured the reports, pursuant Fed. R. Civ. P. 15 U.S.C. § 1681g, when asked by phone and letter (see **Exhibit C**".

6.  **Request for relief**.

6a.  Defendant has created a financial and mental burden for Plaintiff by repeatedly defaming his character when furnishing inaccurate reports to requestors and failing to comply with FCRA procedures. In fact, Plaintiff was turned down by several property management companies when seeking to rent residences (see **Exhibit D**"), as a direct result of the libel.

6b.  Plaintiff requests to have the Verizon Wireless and Fresno Credit Bureau accounts deleted or corrected per Fed. R. Civ. P. 15 U.S.C. § 1681i(a)(5)(A), and be awarded $10,000.00 for 10 violations of willful noncompliance, pursuant Fed. R. Civ. P. 15 U.S.C. 15 U.S.C. § 1681n(1)(A).

DATED: July 23, 2013

Cory R. Narrog
In Pro Per